

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>GLENN STEVEN BEDNARSH,<br><br>            Defendant. | CR 2:25-CR-00303-MRA<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 2314: Interstate Transportation of Stolen Goods; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

## COUNT ONE

[18 U.S.C. § 371]

A.  OBJECTS OF THE CONSPIRACY

1.  Beginning on or after February 20, 2021, and continuing until on or about September 22, 2021, in Los Angeles County, within the Central District of California, defendant GLENN STEVEN BEDNARSH ("defendant BEDNARSH") and co-conspirator Brian Light ("co-conspirator Light"), and others known and unknown to the grand jury, conspired to:

      a.    Cause the interstate transportation of stolen goods worth $5,000 or more, in violation of Title 18, United States Code, Section 2314.

      b.    Defraud the United States or one or more of its agencies or departments of and concerning its lawful governmental functions and rights, that is, impede, impair, obstruct, and defeat, by deceitful and dishonest means, the lawful and legitimate functions of the Federal Bureau of Investigation ("FBI") in investigating and enforcing federal laws and regulations related to art crimes, in violation of Title 18, United States Code, Section 371.

B.    <u>THE MANNER AND MEANS OF THE CONSPIRACY</u>

    2.    The objects of the conspiracy were carried out, and intended to be carried out, in substance, as follows:

      a.    Defendant BEDNARSH, an owner of a Los Angeles pawn shop, would purchase a work of art that he knew was stolen, with the goal of selling it for a profit.

      b.    Defendant BEDNARSH would contact co-conspirator Light to help him sell the stolen work of art.

      c.    Knowing the work of art was stolen, co-conpirator Light would negotiate with an auction house (the "Auction House") to place the stolen work of art in a then-upcoming auction, identify himself as the seller, and obtain an advance of money from the Auction House for the later auction/sale of the stolen work of art, for which he and defendant BEDNARSH would receive the proceeds.

      d.    At co-conspirator Light's direction, defendant BEDNARSH would transport the work of art to the Auction House's office in Beverly Hills.

   e. The Auction House would ship the work from its office in Beverly Hills, California, to its headquarters in Dallas, Texas, so that the work of art could be included in an upcoming auction and the work could be inspected.

   f. When their activities were discovered, defendant BEDNARSH and co-conspirator Light would lie to law enforcement about the work of art and their involvement in the scheme.

C. <u>OVERT ACTS</u>

 3. On or about the following dates, in furtherance of the conspiracy, and to accomplish its objects, defendant BEDNARSH, co-conspirator Light, and others known and unknown to the grand jury, committed and willfully caused others to commit the following overt acts, among others, in the Central District of California and elsewhere:

 <u>Overt Act No. 1</u>: On or before February 25, 2021, defendant BEDNARSH purchased a stolen Warhol Lenin Trial Proof from J.O. for $6,000, and they agreed that defendant BEDNARSH would pay J.O. for it later.

 <u>Overt Act No. 2</u>: On or before February 25, 2021, defendant BEDNARSH stored the stolen Warhol Lenin Trial Proof without entering it into the inventory of his pawnshop or issuing a receipt to J.O.

 <u>Overt Act No. 3</u>: Between February 22, 2021, and February 25, 2021, defendant BEDNARSH met J.O. at a Wells Fargo branch to pay J.O. cash for the stolen Warhol Lenin Trial Proof.

 <u>Overt Act No. 4</u>: Between February 22, 2021, and February 25, 2021, defendant BEDNARSH withdrew $6,000 in cash, in one or more withdrawls, from the Wells Fargo branch.

  <u>Overt Act No. 5</u>:   Between February 22, 2021, and February 25, 2021, defendant BENDARSH paid $6,000 in cash to J.O. for the stolen Warhol Lenin Trial Proof.

  <u>Overt Act No. 6</u>:   On or before February 25, 2021, defendant BEDNARSH asked co-conspirator Light to help him sell the stolen Warhol Lenin Trial Proof.

  <u>Overt Act No. 7</u>:   On or before February 25, 2021, co-conspirator Light agreed to help defendant BEDNARSH sell the stolen Warhol Lenin Trial Proof.

  <u>Overt Act No. 8</u>:   On or before February 25, 2021, co-conspirator Light reached out to a contact at the Auction House about selling the stolen Warhol Lenin Trial Proof.

  <u>Overt Act No. 9</u>:   On February 25, 2021, co-conspirator Light texted a contact at the Auction House, saying "Sent pics of lenin it is a trial proof 44 Of 46," and "Could you find out what kind of afvance [sic] I could get on this peice [sic] if put in auction thanks."

  <u>Overt Act No. 10</u>:   On March 1, 2021, after an Auction House employee texted co-conspirator Light that "The Modern and contemporary art department would need this in Dallas by next Friday to fit it in a specialized sale. Would this be possible?," co-conspirator Light texted a thumbs up emoji and an image of a check with the account where he wanted the advance to go.

  <u>Overt Act No. 11</u>:   On March 1, 2021, co-conspirator Light told the Auction House employee, "I'll have it there in 30 minutes," and "Is 30 minutes okay."

Overt Act No. 12: On March 1, 2021, defendant BEDNARSH transported the stolen Warhol Lenin Trial Proof to the Auction House's office in Beverly Hills, California.

Overt Act No. 13: On March 1, 2021, as a result of defendant BEDNARSH dropping off the stolen Warhol Lenin Trial Proof, the Auction House shipped the stolen Warhol Lenin Trial Proof from Beverly Hills, California to Dallas, Texas.

Overt Act No. 14: On March 2, 2021, co-conspirator Light e-signed an Auction House consignment agreement, which identified the piece as being part of the "04/22/2021 Print & Multiples Signature Auction – Dallas."

Overt Act No. 15: On March 3, 2021, co-conspirator Light called the Auction House to state that he had dropped off the work of art and to ask about the cash advance for it.

Overt Act No. 16: On March 4, 2021, co-conspirator Light texted his contact at the Auction House and asked, "[A]ny . . . word on wire."

Overt Act No. 17: On March 8, 2021, to hide that he and defendant BEDNARSH knew that the piece was stolen, co-conspirator Light lied to FBI Special Agents by telling them that he purchased the stolen Warhol Lenin Trial Proof at a garage sale in Culver City, California, for $18,000.

Overt Act No. 18: On March 8, 2021, to hide that he and defendant BEDNARSH knew the piece was stolen, co-conspirator Light lied to FBI Special Agents by telling them that he had a receipt for his purchase of the stolen Warhol Lenin Trial Proof for $18,000 at a garage sale in Culver City, California.

<u>Overt Act No. 19</u>:  On March 10, 2021, to hide that he and defendant BEDNARSH knew the piece was stolen, co-conspirator Light provided the FBI a fake receipt stating that co-conspirator Light had bought the stolen Warhol Lenin Trial Proof on February 4, 2021, in Culver City, California, from a person identified as Brandon Beldon.

<u>Overt Act No. 20</u>:  On August 2, 2021, to hide that he and defendant BEDNARSH knew that the piece was stolen, co-conspirator Light lied to FBI Special Agents by telling them that he purchased the stolen Warhol Lenin Trial Proof at a garage sale in Culver City, California, for $18,000.

<u>Overt Act No. 21</u>:  On August 6, 2021, to hide that he knew the piece was stolen, defendant BEDNARSH lied to FBI Special Agents by telling them that co-conspirator Light had asked defendant BEDNARSH to store the Warhol Lenin Trial Proof for him and that defendant BEDNARSH did so out of friendship and not for financial gain.

<u>Overt Act No. 22</u>:  On September 22, 2021, to hide that he knew the piece was stolen, defendant BEDNARSH lied to FBI Special Agents by telling them that co-conspirator Light had asked defendant BEDNARSH to store the Warhol Lenin Trial Proof for him and that defendant BEDNARSH did so out of friendship and not for financial gain.

COUNT TWO

[18 U.S.C. § 2314]

On or about March 1, 2021, in Los Angeles County, within the Central District of California, defendant GLENN STEVEN BEDNARSH transported, transmitted, and transfered in interstate commerce a good, ware, and merchandise, specifically an Andy Warhol Lenin Trial Proof print number 44 out of an edition of 46, having a value of $5,000 or more, knowing the same to have been stolen, and with the intent to temporarily and permanently deprive the owner of the property.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of either of the offenses set forth in this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a)  All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to such offenses; and

    (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished

//

//

in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                      A TRUE BILL

                                      /S/
                                      Foreperson

BILAL A. ESSAYLI
United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

MARK A. WILLIAMS
Assistant United States Attorney
Chief, Environmental and
Consumer Protection Section

ERIK M. SILBER
MATTHEW W. O'BRIEN
Assistant United States Attorneys